UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

DOUGLAS P. FLEMING,
         Plaintiff,

v.                                            CASE NO. 3:14-cv-1341 (VAB)

UNITED STATES OF AMERICA,
         Defendant.

## RULING ON MOTIONS TO DISMISS

Plaintiff, Douglas Fleming, filed a Complaint against James Besse, an employee of the United States of America, alleging that Mr. Besse struck him several times in the face and chest with a closed fist and caused him physical injury. Compl., ¶¶2-3, 7-9, ECF No. 1-1. Because the alleged conduct occurred while Mr. Besse was acting within the scope of his employment, as an employee of the United States Navy, the Court substituted the United States for Mr. Besse under the Westfall Act, 28 U.S.C. §2679(b)(1). Order dated 4/7/2015, ECF No. 16.

The United States has moved to dismiss the case for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Mot. to Dismiss, ECF No. 17. It also has moved to dismiss under Federal Rule of Civil Procedure 41(b) for failure to prosecute the action, which Mr. Fleming has not opposed. Mot. to Dismiss, ECF No. 24.[1] For the reasons that follow, the Court grants the first motion and denies the second as moot.

## DISCUSSION

In evaluating a motion under Rule 12(b)(1) for lack of subject matter jurisdiction, the Court must accept as true all material factual allegations in the complaint but need not draw

---

[1] Mr. Fleming's counsel moved to withdraw from the case in November 2015. Mot. to Withdraw, ECF No. 19. The Court granted the motion and ordered Mr. Fleming, by January 4, 2016, to either file a *pro se* notice of appearance or find a new attorney and have that attorney file a notice of appearance. Order dated 11/20/2015, ECF No. 22. Mr. Fleming has failed to do either as of the date of this Order.

inferences favorable to the party asserting jurisdiction.  *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998).  Mr. Fleming bears the burden of showing that subject matter jurisdiction is proper based on facts existing at the time he filed the complaint.  *Scelsa v. City Univ. of New York,* 76 F.3d 37, 40 (2d Cir. 1996) (citations omitted).

The United States argues that the Court lacks jurisdiction because Mr. Fleming has failed to exhaust his administrative remedies, as required under the FTCA.  Def.'s Br. 3-5, ECF No. 17-1.  Mr. Fleming concedes that he has failed to exhaust his administrative remedies.  Objection, ECF No. 18.  However, he indicates that Mr. Fleming has submitted a claim and asks that the Court stay the case until that claim is resolved, making the matter ripe for this Court's adjudication.  *Id.*

The exhaustion of administrative remedies is a jurisdictional prerequisite to filing an action under the FTCA.  *See* 28 U.S.C. §2675(a) (precluding a plaintiff from filing suit in federal court until his claim "ha[s] been finally denied by the agency"); *McNeil v. United States,* 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."); *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005) (the requirement of exhausting administrative remedies "is jurisdictional and cannot be waived").  Mr. Fleming concedes that he has not exhausted his administrative remedies.  Thus, the Court has no authority to grant Mr. Fleming's request for a stay, because it lacks jurisdiction over the case because he filed it before he exhausted his administrative remedies.  *See e.g.*, *R.C.L. Infant v. Bronx-Lebanon Hosp. Ctr.*, No. 13 Civ. 6764(DAB), 2015 WL 1499745, at *4 (S.D.N.Y. Mar. 31, 2015) (granting a motion to dismiss an FTCA claim for lack of subject matter jurisdiction where plaintiffs had not exhausted administrative remedies); *Pan Tech. Mgmt. Corp. v. U.S. Dep't of Housing and Urban Dev.,* 788

F.Supp. 152, 154 (E.D.N.Y. 1992) (denying a plaintiffs' request to stay an FTCA action until they have exhausted administrative remedies); *Matthews v. U.S. Postal Serv.,* No. 87 CIV. 5046 (SWK), 1988 WL 108482, at *2 (S.D.N.Y. Oct. 11, 1988) ("[T]he Court does not have jurisdiction to consider a[ ] [FTCA] against the USPS while an administrative claim is pending.").

Even if Mr. Fleming's claim is denied, such a denial would not cure the jurisdictional defect in this lawsuit.  *See Celestine*, 403 F.3d at 82 (failing to exhaust administrative remedies is a jurisdictional defect that cannot be waived)*; R.C.L. Infant*, 2015 WL 1499745, at *4 (noting in the FTCA context that "[d]ismissal is required even if administrative remedies are exhausted shortly after filing of the civil suit…"); *Holmes v. PHI Serv. Co.*, 437 F. Supp. 2d 110, 118-19 (D.D.C. 2006) (noting that if an exhaustion requirement is jurisdictional, a court may not excuse its failure) (citing *Avocados Plus, Inc. v. Veneman,* 370 F.3d 1243, 1247-48 (D.C. Cir. 2004)).

## CONCLUSION

For the all of the foregoing reasons, Defendant's first Motion to Dismiss, ECF No. 17, is **GRANTED**, and its second Motion to Dismiss, ECF No. 24-1, is **DENIED AS MOOT.**  The Clerk is directed to close the case.

SO ORDERED at Bridgeport, Connecticut this 3rd day of March 2016.

 /s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE